UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 20cr10154 |
| ) | |
| v. ) | Violations: |
| ) | |
| MATERESA JOSE, ) | Count One: Theft of Government Money |
| ) | (18 U.S.C. § 641) |
| Defendant ) | |
| ) | Count Two: Bank Embezzlement |
| ) | (18 U.S.C. § 656) |
| ) | |
| ) | Forfeiture Allegation: |
| ) | (18 U.S.C. § 981(a)(1)(C) and |
| ) | 28 U.S.C. § 2461) |
| ) | |
| ) | Bank Embezzlement Forfeiture Allegation: |
| ) | (18 U.S.C. § 982(a)(2)) |

## INDICTMENT

### COUNT ONE
Theft of Government Money
(18 U.S.C. § 641)

The Grand Jury charges:

From in or about September 2017, and continuing through in or about July 2018, in the District of Massachusetts, the defendant,

MATERESA JOSE,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to her use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits having a value of greater than $1,000.

All in violation of Title 18, United States Code, Section 641.

## COUNT TWO
### Bank Embezzlement
(18 U.S.C. § 656)

The Grand Jury further charges:

From in or about September 2017, and continuing through in or about July 2018, in the District of Massachusetts, the defendant,

## MATERESA JOSE,

being an agent and employee of Eastern Bank, a bank whose deposits are insured by the Federal Deposit Insurance Corporation, with intent to injure and defraud, willfully misapplied, embezzled, abstracted, and purloined the sum of approximately $27,605 of the moneys, funds, assets, and securities entrusted to the custody and care of Eastern Bank, in that the defendant initiated and conducted unauthorized withdrawals of funds from a customer's account.

All in violation of Title 18, United States Code, Section 656.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

    1.    Upon conviction of the offense in violation of Title 18, United States Code, Section 641, set forth in Count One, the defendant,

MATERESA JOSE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a.  $27,605 to be entered in the form of a forfeiture money judgment.

    2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## BANK EMBEZZLEMENT FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 656, set forth in Count Two, the defendant,

MATERESA JOSE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, the following:

   a. $27,605 to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL:

*[signature]*
FOREPERSON OF THE GRAND JURY

*[signature]*
KAREN BURZYCKI
SPECIAL ASSISTANT U.S. ATTORNEY

District of Massachusetts: AUGUST 13, 2020

Returned into the District Court by the Grand Jurors and filed.

/s/ Thomas F. Quinn  8/13/20 @ 3:35pm
DEPUTY CLERK